VINCENT MONTI *vs.* PROVIDENCE JOURNAL COMPANY.

APRIL 22, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an action of trespass on the case for libel. On June 12, 1962 a justice of the superior court filed a rescript sustaining the defendant's demurrer to the plaintiff's second amended declaration. Endorsed on the rescript is the notation "6/12/62 Attorneys of Record Notified." The plaintiff claims such notification was not received by his counsel. Accordingly he filed a petition pursuant to G. L. 1956, §9-4-8, praying for "leave to file a notice of intention to file a bill of exceptions out of time." After a hearing thereon this petition was denied and the plaintiff excepted to such denial. The case is here on his bill of exceptions containing that single exception.

Under §9-4-8 "whenever any appeal, shall not be entered according to law, the court to which the same is returnable may, in case of accident, mistake or unforeseen cause, in its discretion, allow the same to be entered with or without terms * * *." As we understand plaintiff's position, he contends that the trial justice abused his discretion in not allowing notice of intention to be filed on the showing made in support of the prayer therefor. Such showing consisted

solely of the following joint affidavit of counsel: "We, Aram K. Berberian and William G. Grande, on oath make affidavit and say that we have represented the plaintiff in the above entitled case, that we had no knowledge of the entry of the court's rescript on 12 June 1962, and that we received no copy or notice thereof at any time to date." There is no transcript of any testimony and apparently none was taken in the superior court to show on what other ground, if any, plaintiff relied to prove "accident, mistake or unforeseen cause" prescribed in the statute.

Assuming without deciding that §9-4-8 is an applicable remedy in the circumstances set out in the petition and the accompanying affidavit, the only question before us is whether the trial justice abused his discretion in denying the petition. In the absence of any testimony in support thereof and resting our conclusion solely on the meager record before us we are clearly of the opinion that he did not. But even if we were of a contrary opinion it seems to us that it would avail plaintiff nothing. This would be necessarily so since to allow him merely to file a notice of intention out of time, which is all that plaintiff prayed for, would still leave him without an exception to the decision. That notice cannot be construed as such an exception. *Vassar* v. *Lancaster*, 30 R. I. 221.

The plaintiff's exception to the decision denying his petition is overruled, and the case is remitted to the superior court for further proceedings.

FROST, J., did not participate in the decision.

*Grande & Grande, Aram K. Berberian,* for plaintiff.

*Edwards & Angell, Edward F. Hindle,* for defendant.